IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ERIE INSURANCE PROPERTY AND
CASUALTY COMPANY,

           Plaintiff,

v.                          CIVIL  ACTION  NO.  3:04-0423

ROBERT GOLUB a/k/a ROBERT
GULUB, INC., an Ohio Corporation,
CHARLES F. RUNYON, JR., and
CAR SPOT, INC., a West Virginia
Corporation,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion for summary judgment. For the reasons stated herein the motion is **GRANTED**.

**I.
Factual Allegations and Procedural Background**

This case arises out of the sale and purchase of an antique car. On or about September 15, 2001, Defendant Robert Golub entered into an agreement with Defendant Charles Runyon, Jr., the owner of Car Spot, Inc. (Car Spot) for the sale of a 1932 Cadillac V16 Rumble Seat Roadster (Roadster). Mr. Runyon was to transfer the Roadster to Mr. Golub in exchange for five classic automobiles that Mr. Golub had originally acquired from Mr. Runyon.[1] Mr. Golub maintains that

---

[1] The five classic automobiles transferred in exchange for the Roadster had a collective value of $242,000.

throughout the transaction Mr. Runyon represented to him that the Roadster was authentic and was one of only three that were ever built. Mr. Runyon also provided Mr. Golub with the "build sheet" for the Roadster which also confirmed its authenticity. Upon completion of the agreement, Mr. Golub was contacted by Robert Dare on or about August 20, 2002. Mr. Dare informed Mr. Golub that he had been the owner of the Roadster prior to Mr. Runyon. He further informed Mr. Golub that the Roadster was in fact not an authentic 1932 Cadillac V16 Rumble Seat Roadster but rather was a rebodied vehicle. According to Mr. Golub, Mr. Dare informed him that the Roadster was actually a 1932 Cadillac Sedan that had had the sedan body removed and replaced with the body of a 1932 Cadillac V8 Roadster. Mr. Dare also represented to Mr. Golub that he had disclosed this information to Mr. Runyon at the time he sold him the vehicle and that he provided Mr. Runyon with the build sheets for both the 1932 Cadillac Sedan and 1932 Cadillac Roadster.

Subsequent to his conversation with Mr. Dare, Mr. Golub brought an action in the Court of Common Pleas, Cuyahoga County, Ohio on March 10, 2003. Mr. Golub alleges that Mr. Runyon intentionally misrepresented the history of the Roadster and intentionally failed to disclose material information as to the make of the vehicle. Mr. Golub further alleges that Mr. Runyon falsified the build sheet and placed a counterfeit vehicle identification number (VIN) plate on the Roadster so that the VIN on the vehicle matched the VIN on the false build sheet. In his complaint, Mr. Golub seeks compensatory and punitive damages. Mr. Runyon and Car Spot employed Steven Nord to represent them in defense of claims asserted by Mr. Golub. Mr. Runyon and Car Spot maintain that Mr. Dare represented to them that the Roadster was in fact authentic and it was upon that representation that Mr. Runyon relied when selling the vehicle to Mr. Golub.

Mr. Nord contacted Mr. Runyon's and Car Spot's insurance company, Erie Insurance Property and Casualty Co. (Erie), seeking coverage for the defense of the claims asserted by Mr. Golub. Erie responded by letter on September 3, 2003, in which it stated it was investigating the claim of coverage and was reserving the right to dispute coverage based on several provisions in Car Spot's policy. Erie contacted Mr. Nord via letter again on October 21, 2003.[2] In the October letter Erie denied coverage for the defense and indemnification of Mr. Runyon and Car Spot against Mr. Golub's claims. Erie stated that Mr. Golub's complaint alleges that Mr. Runyon's conduct was "knowing, willful, wanton and malicious." Thus, Erie explained that the complaint "does not allege any 'accident' covered by our policy." Furthermore, Erie reasoned that because Mr. Golub sought recovery for purely economic damages, the damage did not constitute personal injury or property damage that was covered under Car Spot's policy. Mr. Nord wrote Erie again on Janauary 21, 2004, and provided it a copy of a Certificate of Title received from the Commonwealth of Pennsylvania in which Mr. Dare identified the Roadster as a 1932 Cadillac convertible. Mr. Nord states that Mr. Runyon believes the title insurance he purchased from Erie should cover the defense of Mr. Golub's claims since the incident arises out of a false title. Erie responded by again denying coverage on February 18, 2004.

On May 4, 2004, Erie filed the instant action seeking a declaratory judgment that under the terms of the insurance policy it has no duty to defend nor indemnify Mr. Runyon or Car Spot against Mr. Golub's claims. Defendants Mr. Runyon and Car Spot answered the complaint and asserted two counterclaims against Erie. Specifically, Defendants Mr. Runyon and Car Spot allege in Count I that Erie breached its fiduciary duty of good faith and fair dealing and in Count 2 Defendants allege

---

[2]Mr. Nord in his affidavit states that he never received the October 21, 2003, letter.

that Erie violated the laws of the State of West Virginia by failing to promptly and properly investigate the claims made by Defendants in relation to Mr. Golub's complaint. Plaintiff Erie filed the instant motion for summary judgment on March 24, 2005.

## II.
## Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III.
## Analysis

Plaintiff has filed the instant motion for summary judgment arguing that under the terms of its insurance contract with Car Spot it has no duty to defend or indemnify Defendants Runyon and Car Spot against the claims assert by Defendant Golub.  Specifically, Plaintiff point to four different provisions in the insurance contract which preclude coverage.  The Court will summarize the two provisions at the center of the dispute.  Initially, Plaintiff Erie depends upon the insuring clause of the policy which states:

> We will pay all sums anyone we protect legally must pay as damages caused by an accident covered by this policy.  Damages must involve personal injury or property damage.  The accident must arise out of garage operations.

Plaintiff's Mot. for Summary Judgment, Exhibit A at 7.  Plaintiff maintains that the above clause precludes coverage on two separate grounds.  First, Mr Golub, in his complaint, does not allege any damage that would constitute personal injury[3] or property damage[4] as required under the policy and

---

[3]Under the policy, personal injury is defined as follows:
1. bodily injury–meaning physical harm, sickness or disease, including care, loss or services or resultant death from any of these;
2. libel, slander, defamation of character;
3. false arrest, wrongful detention or imprisonment, malicious prosecution, racial or religious discrimination, wrongful entry or eviction, invasion of privacy, or humiliation cause by any of these;
4. mental anguish, mental injury or shock cause by items 2. or 3.;
5. incidental medical malpractice injury. Incidental medical malpractice injury means injury arising out of the rendering or failing to render the following services:
   a. medical, surgical, dental, x-ray nursing or rehabilitative service or treatment or the furnishing of food or beverages in connection with the service or treatment, or
   b. the furnishing or dispensing of drugs or medical, dental, or surgical supplies, appliances or prosthetic devices.
   which occur during the policy period.
(continued...)

thus the incident does not meet the definition of accident. Second, though an accident can include unexpected events, it does not include the intentional acts of Mr. Runyon as alleged by Mr. Golub.

In connection with that same argument, Plaintiff also points to the intentional acts exclusion provision in the policy as other grounds to preclude coverage. The intentional acts provision specifically provides, "**We** do not cover:...damages caused intentionally by or at the direction of **anyone we protect**." Plaintiff's Motion for Summary Judgment, Exhibit A at 9 (emphasis in original). Therefore, Plaintiff argues, because Mr. Golub alleges intentional misrepresentation made by Mr. Runyon and Car Spot, Plaintiff has no duty to defend.

In response, Defendants Runyon and Car Spot rely upon their assertion that Mr. Dare represented to them when they acquired the Roadster that the vehicle was authentic. They maintain that Mr. Runyon had no knowledge that the 1932 Cadillac was rebodied and thus the misrepresentation made to Mr. Golub could not have been intentional. Furthermore, Defendants Runyon and Car Spot assert that because they were misled as to the history of the vehicle, the transaction with Mr. Golub constituted an accident because is was an unexpected event on the part of the insured. Therefore, they maintain, any damages arising out of the sale "was merely an accident." Response of Runyon and Car Spot to Plaintiff's Motion for Summary Judgment at 6.

---

[3](...continued)
Plaintiff's Motion for Summary Judgment, Exhibit A at 5-6.

[4]Under the policy, property damage is defined as follows:
1. physical injury to or destruction of tangible property, including loss of its use;
2. loss of use of tangible property which is not physically injured or destroyed.

Plaintiff's Motion for Summary Judgment, Exhibit A at 6.

An insurer's duty to defend, as a general rule, "is tested by whether the allegations in the plaintiff's complaint are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy." *State Automobile Mutual Insurance Co. v. Alpha Engineering Services, Inc.*, 542 S.E.2d 876, 879 (W.Va. 2000) (quoting *Aetna Cas. & Sur. Co. v. Pitrolo*, 342 S.E.2d 156, 160 (W.Va. 1986)). While an insurer "'must look beyond the bare allegations contained in the third party's pleadings and conduct a reasonable inquiry into the facts,'" an insurer only has a duty to defend an action "if the claim stated in the underlying complaint could, without amendment, impose liability for risks the policy covers." *Id.* (quoting *Farmers & Mechanics Mut. Fire Ins. Co. of West Virginia v. Hutzler*, 447 S.E.2d 22 (W.Va. 1994). Thus, an insurer has no duty to defend where "the alleged conduct is entirely foreign to the risk insured against." *Horace Mann Ins. Co. v. Leeber*, 376 S.E.2d 581, 584 (W.Va. 1988).

As Plaintiff has stated, under the terms of the insurance policy, it only has a duty to defend where there has been an accident resulting in personal injury or property damage. The language of the policy in question is "plain and not ambiguous;" therefore, "no interpretation of the language is necessary, and [the Court] need only apply the exclusion to the facts presented by the parties." *State Automobile Mut. Ins. Co.*, 542 S.E.2d at 879. At question is whether the sale of the Roadster to Mr. Golub constituted an accident under the terms of the insurance policy. Even when viewing the facts in a light most favorable to Defendants Runyon and Car Spot, the Court does not believe that the definition of accident has been met.

The insurance policy states that the definition of accident "includes continuous or repeated exposure to the same conditions resulting in personal injury or property damage." Plaintiff's Motion for Summary Judgment, Exhibit A at 4. Therefore, Mr. Golub's complaint must be examined to

determine whether any of the "allegation[s] are susceptible of an interpretation" that Mr. Golub suffered "personal injury" or "property damage." *State Bancorp, Inc. v. United States Fidelity and Guaranty Ins. Co.*, 483 S.E.2d 228, 234 (W.Va. 1997). In his complaint, Mr. Golub alleges the following: Mr. Runyon falsified the build sheet provided to Mr. Golub; Mr Runyon tampered with and falsified the VIN plate on the Roadster; Mr. Runyon maliciously, willfully, intentionally, and knowingly warranted and misrepresented to Mr. Golub that the Roadster was authentic; Mr. Runyon intentionally failed to disclose information regarding the Roadster that if Mr. Golub had known would have caused him to act differently under the circumstances. Mr. Golub seeks compensation for: (1) loss of value of the Roadster; (2) loss of benefit of the transaction; (3) severe mental and emotional strain and anguish; and (4) punitive damages for the knowing, willful, wanton and malicious misrepresentations of Mr. Runyon. Given the allegations made by Mr. Golub and the damages sought, the definitions of personal injury and property damage contained in the policy have not been met. Mr. Golub nor Mr. Runyon have suffered bodily injury, slander, false arrest, medical malpractice, and while Mr. Golub claims to have suffered severe mental and emotional anguish, under the insurance policy such a condition must have been caused by either libel, slander, defamation of character, or false arrest, wrongful detention or imprisonment, malicious prosecution, racial or religious discrimination, wrongful entry or eviction, or invasion of privacy. Furthermore, neither party has suffered property damage as defined by the policy. Therefore, under the terms of the policy, neither Mr. Runyon nor Mr. Golub have suffered an accident.

The determination would not change even if the Court adopted a broader definition of accident. The Supreme Court of Appeals of West Virginia has used the following definition of accident:

> [a]n 'accident' generally means an unusual, unexpected and unforeseen event...An accident is never present when a deliberate act is performed unless some addition unexpected, independent and unforeseen happening occurs which produces the damage...To be an accident, both the means and result must be unforeseen, involuntary, unexpected, and unusual.

*State Bancorp, Inc.*, 483 S.E.2d at 234 (quoting *Harrison Plumbing & Heating, Inc. v. New Hampshire Insurance Group*, 681 P.2d 875, 878 (Wash.App. 1984)). However, even if the Court applied such a definition to the current facts, the Court could not ignore the policy requirement that the accident result in personal injury or property damage. Taking Defendants Runyon and Car Spot's denial of Mr. Golub's allegation and their assertions that they had no knowledge as to the fact that the Roadster was not authentic, as true, Defendants Runyon and Car Spot still cannot show that any of the parties involved suffered personal injury or property damage. Therefore, the claims alleged by Mr. Golub are completely foreign to the risk insured against in the policy.

Furthermore, the insurance policy contains exclusions to coverage for intentional acts and liability assumed under contract. Both of these exclusion provisions would also relieve Plaintiff of the duty to defend or indemnify Defendants Runyon and Car Spot against Mr. Golub's allegations. First, under the intentional act exclusion, Plaintiff is not responsible for acts that are intentionally caused by the insured. Plaintiff's Motion for Summary Judgment, Exhibit A at 9. As stated, Mr. Golub's complaint alleges that Mr. Runyon acted intentionally in misrepresenting the authenticity of the Roadster. Thus, though Mr. Runyon denies that he acted intentionally, the claims stated by Mr. Golub, do not impose "liability for risks the policy covers." *State Automobile Mutual Insurance Co.*, 542 S.E.2d at 879. Additionally, the policy contains an exclusion for "liability assumed under any contract or agreement." *Id.* The sale of a vehicle from one party to another

constitutes a contract, either explicitly or implied, thus it appears to the Court that a claim arising out of such a contract would be excluded under the policy provision.

Finally, the Court turns to Defendants Runyon and Car Spot's counterclaims. As stated, Defendants Runyon and Car Spot allege that Erie breached its duty of good faith and fair dealing. Furthermore, Defendants Runyon and Car Spot allege that Erie violated West Virginia state law by failing to promptly and thoroughly investigate the claims made by Defendants in relation to Mr. Golub's complaint. The Court finds that because Erie does not have a duty to defend or indemnify Mr. Runyon or Car Spot against the claims of Mr. Golub, Erie could not have breached its duty of good faith and fair dealing nor its statutory duty under West Virginia law. Erie investigated the claims of Mr. Golub to the extent necessary to determine "if the claim stated in the underlying complaint could, without amendment, impose liability for risks the policy covers." *State Automobile Mutual Insurance Co. v. Alpha Engineering Services, Inc.*, 542 S.E.2d at 879. Erie concluded, as did this Court, that under the clear language of the insurance contract Erie does not have a duty to defend nor indemnify Mr. Runyon or Car Spot against the claims of Mr. Golub. Defendants Runyon and Car Spot have provided no evidence that Erie's actions were insufficient under West Virginia law.

## IV.
### Conclusion

The Court finds that the language of the insurance policy is clear and unambiguous. Therefore, after viewing the facts in a light most favorable to Defendants Runyon and Car Spot and reviewing the terms of the policy, Plaintiff Erie does not have a duty to defend or indemnify

Defendants Runyon and Car Spot against the claims of Mr. Golub. Furthermore, the Court finds that Defendant Erie investigated the claims of Mr. Runyon and Car Spot to the extent required under West Virginia law and therefore, has not breached its duty of good faith and fair duty nor its statutory duty under West Virginia law. For the reasons stated, summary judgment is **GRANTED** in favor of Plaintiff Erie Insurance Property and Casualty Co. [Doc. #32]. Additionally, in light of the Court's ruling on Plaintiff's motion for summary judgment, the following motions are **DENIED AS MOOT**: Plaintiff's motion to bifurcate [Doc. #40]; Mr. Runyon and Car Spot's motion to extend time to complete discovery [Doc #48]; Mr. Runyon and Car Spot's motion to extend dispositive motion deadline [Doc # 54]; and the parties' joint motion to continue the trial [Doc. #58].

The Court **DIRECTS** the Clerk to remove this action from the docket of this Court and to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.


ENTER:     August 2, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE